Case 4:21-cv-05108-SAB    ECF No. 19    filed 07/05/22    PageID.661    Page 1 of 14

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DERICK S.[1], | No. 4:21-CV-05108-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| COMMISSIONER OF SOCIAL | **PLAINTIFF'S MOTION FOR** |
| SECURITY ADMINISTRATION, | **SUMMARY JUDGMENT;** |
| Defendant. | **DENYING DEFENDANT'S** |
| | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 14, 17. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Kelly Arefi and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~1

fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 14, and denies Defendant's Motion for Summary Judgment, ECF No. 17.

## I.    Jurisdiction

On June 11, 2018, Plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. He alleged disability beginning September 1, 2010. Plaintiff's applications were denied initially and on reconsideration. On February 28, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 13, 2020, Plaintiff appeared and testified by telephone before ALJ Mark Kim, with the assistance of his counsel, Chad Hatfield. Vocational Expert Sharon Welter also participated by telephone. The ALJ issued a decision on November 24, 2020, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on May 21, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on July 23, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~2

not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017); *see Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii)

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.*
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.*
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

It appears that when Plaintiff was in middle school, he experienced back pain and was diagnosed with spina bifida occula and degenerative disc disease, and at some point, he was diagnosed with fibromyalgia.[3]

At the time of the hearing, he was 22 years old. He completed 11th grade and has not earned his GED. He testified that he is unable to maintain regular, continuous employment due to missing work because of bad days that occur one to two times per week. He testified that his legs go number after 10 minutes of standing/walking. He also has lower back spasms if he sits too long. He testified that while he used to play video games, he now needs to rest and rub his hands after about 10 minutes due to cramping. He has difficulty going up stairs. He testified the medication that has been prescribed takes the edge off, but the pain does not totally go away.

Plaintiff attempted to work at his father's place of employment. He was given latitude in the attendance requirements. He worked about seven months, but then had to quit because he was missing too much work due to his back pain and spasms.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 15-28. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

---

[3] In March 2017, an ALJ denied Plaintiff's application for SSI (when he was under the age of 18). AR 160. In that Order, the ALJ noted that in February 2015, rheumatologist Dr. Byrd reported that Plaintiff had a chronic pain disorder most consistent with fibromyalgia. *Id.* Dr. Kiki then noted that Dr. Byrd had diagnosed Plaintiff with fibromyalgia. *Id.* The ALJ pointed out, however, that there was no documented treatment records, no documented basis for a diagnosis of fibromyalgia under SSR 12-2p, and no documented testing of the fibromyalgia tender points. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~7**

since June 11, 2018. AR 17.

At step two, the ALJ identified the following severe impairments: degenerative disc disease of the lumbar spine; spina bifida; and asthma. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21. Specifically, the ALJ concluded that Plaintiff did not meet listings 1.04, and 3.03. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except he must be allowed to alternate from a standing to a sitting position on an hourly basis for 5 minutes while staying on task; he can never climb ladders, ropes, or scaffolds; he can occasionally stoop, kneel, crouch, crawl, or climb flights of stairs; he must avoid all exposure to pulmonary irritants such as dust and smoke in excess of an office setting; he must avoid hazards such as dangerous moving machinery and unprotected heights; he must avoid occasional exposure to extreme cold; and he is limited to simple, routine, unskilled tasks.

AR 21.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. AR 26.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy. AR 28.

**VI. Issues for Review**

1. Whether the ALJ properly evaluated the medical opinion evidence?
2. Whether the ALJ properly evaluated Plaintiff's symptom testimony?
3. Whether the ALJ conducted an adequate analysis at Steps Four and Five?

//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

## V. Analysis

### 1. Fibromyalgia and Spina Bifida

While the ALJ found that Plaintiff had a severe impairment of spina bifida, it also found that fibromyalgia was not medically determinable. Plaintiff was seen by Dr. Wei-Hsung in August 2020. Although not mentioned by the ALJ, Dr. Wei-Hsung noted that Plaintiff had significant pain from the fibromyalgia with pain and tenderness along the paraspinous muscles and the shoulders behind the occiput. On the other hand, Dr. Weir provided a consultative physical examination in August 2018. Apparently, Dr. Weir examined Plaintiff and found no positive tender points and found that Plaintiff had no functional limitations. The ALJ seemingly accepted Dr. Weir's opinion without taking into consideration Dr. Wei-Hsung supported, but differing opinion. Moreover, the record is consistent that Plaintiff has been treated with pain medication for his fibromyalgia for many years.

The ALJ erred failing to identify why Dr. Weir's opinion was more persuasive than Dr. Wei-Hsung. On remand, the ALJ shall reevalute Dr. Wei-Hsung's opinion and reevaluate whether fibromyalgia is a severe impairment.

In a similar vein, the ALJ failed to consider the effects of Plaintiff's spina bifida and his pain symptoms. Spina bifida is a defect that occurs when the neural tube in a developing fetus does not close as it should, resulting in malformation of the spinal column and mild to severe damage to the spinal cord and nerves. The severity of the resulting disability depends on the size and location on the spinal cord, and the extent of damage to the spinal cord or nerves. Spina bifida occulta, sometimes called hidden spina bifida, consists of a small opening in the spine without an opening or sac on the back. Spina bifida occulta frequently results in no damage to the spine or nerves.[4]

---

[4] www.cdc.gov/ncbddd/spinabifida/facts.html (accessed June 27, 2022).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~9

While spina bifida occulta in most cases is asymptomatic, symptoms among the population may include back pain, enuresis, motor or sensory dysfunction, and posterior disc herniation.[5] The ALJ failed to address whether Plaintiff's diagnosis of spina bifida would explain or account for Plaintiff's pain symptoms. Moreover, the ALJ erred when it failed to consider whether Plaintiff's spina bifida meets or equals the Listings, including Listing 11.08.

### 2. Evaluation of Medical Opinion Evidence

#### A. Physical Therapist Katherine L. Wells

Ms. Katherine Wells completed a functional capacity evaluation in January 2019. AR 513-536. The report appears to be signed and dated on the last page. *See* AR 536. The report included Plaintiff's description of his symptoms as well as objective testing of Plaintiff's lifting strength, posture, flexibility, ambulation, hand grip strength, and coordination. Ms. Wells observed that Plaintiff's posture became worse as he became fatigued. She noted that while his gait started fairly smoothly and equally, as fatigued increased, the pattern and smoothness decreased with reported pain. She observed spasms occurring several times during the session. She found limited range of motion with his truck. He needed a chair in front of him for support to flex his trunk. He had reduced range of motion and muscle strength with internal rotations of his hip. He had difficulty with knee squats. Plaintiff reported to Ms. Wells that the pain shoots up his left leg greater than his right leg and the

---

[5] Kamanli A., Genc H., *Radiological Abnormalities of the Lumbosacral Spine in Young Male Individuals,* 16 J. Back Musculoskelet Rehabil 91–94 (2002); Avrahami E., Frishman E., Fridman Z., Azor M., *Spina Bifida Occulta of S1 is not an Innocent Finding,* 19 Spine, 12–15 (1994); Petronic I., Nikolic D., Cirovic D., *Distribution of Affected Muscles and Degree of Neurogenic Lesion in Patients with Spina Bifida*. 7 Arch Med Sci. 1049–1054 (2011).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10

pain generally radiates to his foot or toes, with occasional numbness. Plaintiff also reported that pain generally radiated to his hand or finger, with numbness.

Ms. Wells summarized that "[b]ased on subjective and objective testing, the patient presents with pain that impacts all functional activities." AR 536. She also stated that there was "[e]xcellent rehab potential *to reach the established goals.*" *Id.* (emphasis added).

The ALJ found this evaluation not persuasive because the report did not appear to be formally endorsed by Ms. Wells. AR 26. The ALJ believed the report was missing her signature and date. Also, the ALJ concluded the report did not clearly indicate functional limitations for a continuous 12-month period because Ms. Wells noted that Plaintiff had "'excellent' rehabilitation potential.'" The ALJ concluded that Ms. Wells' functional evaluation was not probative as opinion evidence.

The ALJ erred in evaluating Ms. Wells' Functional Evaluation. First, as Defendant concedes, Ms. Wells did sign and date her report. Also, there is nothing in the record to suggest that Plaintiff's symptoms are temporary and to suggest otherwise was disingenuous on the part of the ALJ. Finally, the ALJ failed to consider Ms. Wells' complete statement regarding whether Plaintiff had excellent rehabilitation potential. As noted above, Ms. Wells was referring to Plaintiff's established goals and it is not clear what those goals were—was it to lessen his daily pain or was it to rehabilitate so he could work full-time? The ALJ's use of Ms. Well's incomplete statement to find her evaluation not persuasive was in error. The ALJ erred in failing to provide substantive reasons for finding Ms. Well's functional evaluation not persuasive.

### B.     Dr. Jeffrey Kiki, Plaintiff's Treating Physician

In January 2019 Dr. Kiki completed a DSHS evaluation and opined that Plaintiff was severely limited and unable to work due to pain everywhere from degenerative disk disease, spina bifida, and chronic back pain.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11

The ALJ found Dr. Kiki's opinion not persuasive because it believed Dr. Kiki's opinion was not supported by his chart notes. Notably, the ALJ found that Dr. Kiki had observed that Plaintiff was well-developed and well-nourished. The ALJ concluded the record indicated that Plaintiff had little treatment of back pain and had reported improvement with medications. The ALJ also believe that Plaintiff's daily living activities demonstrated that he was more capable than Dr. Kiki believed.

Contrary to the ALJ's conclusion, the record does not demonstrate any sustained improvement. Rather, the longitudinal record shows that Plaintiff has been prescribed medication to deal with his pain, with his pain generally measures around a 6 out of 10, even with his pain medication. Also, the record is silent as to the frequency or regularity that Plaintiff engages in the listed activities. For instance, while the ALJ relied on the fact that Plaintiff helped organize his father-in-law's garage, there is nothing in the record regarding the intensity or duration of that activity. Finally, whether Plaintiff appeared well-developed and well-nourished says nothing about whether Plaintiff's spina bifida, fibromyalgia, and chronic back pain would prevent Plaintiff from engaging in full-time work. Moreover, the Ninth Circuit has repeatedly stated that the ability to perform some daily activities does not necessarily equate with the ability to perform full-time work. *See Revels v. Berryhill*, 874 F.3d 648, 667-68 (9th Cir. 2017). Notably, there is a critical difference between activities of daily living and activities in a full-time job because in the former a person has more flexibility in scheduling, can get help from other persons, and is not held to a minimum standard of performance.

### C.  Dr. NK Marks, PhD and Dr. Aaron Burdge

On January 10, 2019, Dr. Marks completed a psychological examination of Plaintiff. Dr. Marks assessed Plaintiff with unspecified anxiety disorder and major depressive disorder, recurrent episode, severe. Dr. Marks found severe limitations in the ability to communicate and perform effectively in a work setting and marked

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~12

limitations in the abilities to adapt to changes in a routine work setting and set realistic goals and plan independently.

Dr. Marks found that Plaintiff was severely depressed, had severe anxiety, made minimal eye contact; had a depressed mood with consistent affect, limited memory, limited concentration, and difficulty with abstract thought. Dr. Burdge agreed with Dr. Marks' opinion.

The ALJ found Dr. Marks and Dr. Burdge's opinions to be not persuasive because while their assessments were supported by Dr. Marks' examination findings, Plaintiff presented differently at other times in the record. Many of the instances identified by the ALJ were when Plaintiff was seeking medical treatment for his back pain. Contrary to the ALJ's conclusions, Dr. Marks's opinion is consistent with the longitudinal record and is supported by objective evidence. As such, the ALJ erred in finding that Dr. Marks, and subsequently Dr. Burdge's opinions to be not persuasive.

## VI. Conclusion

For the reasons stated above, the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence in the record because the ALJ improperly evaluated certain medical opinions and in turn, improperly evaluated Plaintiff's symptom testimony. For instance, Plaintiff testified that if he sits too long his back spasms and his hands cramp up after use. Ms. Well's functional assessment objectively supports this symptom testimony. On remand, the ALJ shall reevaluate Ms. Well's functional evaluation, reevaluate Dr. Kiki's, Dr. Marks' and Dr. Wei-Hsung's opinions, evaluate Plaintiff's fibromyalgia and spina bifida and its effects on the ability to perform work activities, reassess Plaintiff's subjective allegations and the lay witness evidence, reevaluate Plaintiff's residual functional capacity and provide a rationale with specific references to evidence of record in support of assessed limitations. The parties can address any remaining arguments on remand.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~13

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for additional proceedings consistent with this Order.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 5th day of July 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~14